Billy Snell #3526531
Name and Prisoner/Booking Number

P.Co.S.O. Adult Detention Center
Place of Confinement

P.O. Box 2610
Mailing Address

Florence AZ 85132
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED _____ LODGED
RECEIVED _____ COPY

JUN 07 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Billy Ray Snell Jr. ,
(Full Name of Petitioner)

                Petitioner,

v.

Arizona Corrections Director Charles Ryan ,
(Name of the Director of the Department of
Corrections, Jailor or authorized person having custody
of Petitioner),

                Respondent,
                and
The Attorney General of the State of Arizona ,

                Additional Respondent.

Pinal County Sheriff Mark Lamb

CASE NO. CV-18-1776-PHX-JAT-MHB
(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2254
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
(NON-DEATH PENALTY)**

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Pinal County Superior Court  971 Jason Lopez Cir. Florence, AZ 85132

   (b) Criminal docket or case number: CR201601062

2. Date of judgment of conviction: 9/21/2016

3. In this case, were you convicted on more than one count or crime?   Yes ☐   No ☒

Revised 3/15/16

**530**

4. Identify all counts and crimes for which you were convicted and sentenced in this case: _Failure to Register_ _as a Sex Offender, a Class 4 felony._

5. Length of sentence for each count or crime for which you were convicted in this case: _5 yrs, probation_

6. (a) What was your plea?
   Not guilty      ☐
   Guilty      ☒
   Nolo contendere (no contest)      ☐

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

   (c) If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at the trial?      Yes ☐      No ☒

8. Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
   Yes ☐      No ☒

   If yes, answer the following:

   (a) Date you filed: _____

   (b) Docket or case number: _____

   (c) Result: _____

   (d) Date of result: _____

   (e) Grounds raised: _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9. Did you appeal to the Arizona Supreme Court?  Yes ☐        No ☒

   If yes, answer the following:

   (a) Date you filed: _____

   (b) Docket or case number: _____

   (c) Result: _____

   (d) Date of result: _____

   (e) Grounds raised: _____
   _____
   _____
   _____
   _____
   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10. Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐        No ☒

   If yes, answer the following:

   (a) Date you filed: _____

   (b) Docket or case number: _____

   (c) Result: _____

   (d) Date of result: _____

   (e) Grounds raised: _____
   _____
   _____
   _____
   _____
   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?  Yes ☒        No ☐

   If yes, answer the following:

(a)  First Petition.

    (1)  Date you filed: June 9th, 2017

    (2)  Name of court: Pinal County Superior Courts

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): Rule 32

    (4)  Docket or case number: CR 201601062

    (5)  Result: Denied

    (6)  Date of result: August 8th, 2017

    (7)  Grounds raised: Argument I: Defendants Conviction for Failure to Register as a Sex Offender was a clear violation of the Full Faith and Credit Clause of the U.S. Constitution. Argument II: Defendant Received Ineffective assistance of counsel and thus his conviction and sentence is in violation of the constitutions of the State of Arizona and the United States.

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second Petition.

    (1)  Date you filed: January 2nd, 2018

    (2)  Name of court: Pinal County Superior Court

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): Rule 32

    (4)  Docket or case number: CR 201601062

    (5)  Result: Denied

    (6)  Date of result: March 15th, 2018

    (7)  Grounds raised: Burbey Vs. State of Arizona 243 Ariz. 145, 403 P. 3d 145 (2017) homeless sex offenders dont have to register on deadline

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

4

(c)   Third Petition.

(1)   Date you filed: _Not Filed / Notice Was Filed May ~~March~~ 2018_

(2)   Name of court: _Pinal County Superior Court_

(3)   Nature of the proceeding (Rule 32, special action or habeas corpus): _Rule 32_

(4)   Docket or case number: _CR 201601062_

(5)   Result: _Denied My Right to File a 3rd Petition for Post-Conviction Relief, and Ordered that I am unable to file_

(6)   Date of result: _May 30th, 2018_ _any more_

(7)   Grounds raised: _Arizona Revised Statutes (A.R.S.) 13-3821 (A) OR who is required to register as a sex offender, Sex Offender Registration Notification Act (SORNA) 18 U.S.C, § 2250; Colorado Statutes and the United States Constitution Convictions that are more than 10 yrs. old cannot be held and used against a person especially not in the Court of Laws; Federal Ruling from the 7th Circuit Court of Appeals on Failure to Register not being a new sex offense because it is a victimless crime and paper violation, therefore making Failure to Register a non-registerable offense; Full Faith and Credit Clause_
**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.** _28 U.S.C. § 1738; and Ineffective Assistance of Counsel._

(d)   Did you appeal the action taken on your petition, application, or motion to the:

Arizona Court of Appeals:                    Arizona Supreme Court:

(1)   First petition:   Yes ☐      No ☒            Yes ☐      No ☒

(2)   Second petition: Yes ☐      No ☒            Yes ☐      No ☒

(3)   Third petition    Yes ☒      No ☐            Yes ☐      No ☒

(e)   If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____
_____
_____
_____
_____
_____
_____

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.   State the <u>facts</u> supporting each ground.

**CAUTION:**  To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.   Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** My Conviction For Failure to Register in Arizona is in violation of a Colorado Order to Discontinue Sex Offender Registration Colorado Conviction or Juvenile Ajudication or Disposition.

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

I do have Failure to Register Convictions (2003 and 2005) that have been expunged from my Colorado Record. When I was granted the Colorado Order it not only expunged the underlying juvenile offense, it also expunged the 2 Failure to Register Convictions because they were in relation to the underlying juvenile offense.   The Court Orders; That the Petitioner is no longer required to register as a sex offender with local law enforcement in relation to the offense connected with the above listed case number (96JD1380). If the Petitioner was less than 18 years of age at the time of ajudication or disposition, that the Colorado Bureau of Investigation (CBI) shall remove the above named Petitioner from any maintained list related to sex offenders. Attached as Exh#1 is the Colorado Order.

(b)   Did you present the issue raised in Ground One to the Arizona Court of Appeals?   Yes ☒          No ☐

(c)   If yes, did you present the issue in a:
        Direct appeal          ☐
        First petition          ☒
        Second petition        ☐
        Third petition         ☐

(d)   If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

(e)   Did you present the issue raised in Ground One to the Arizona Supreme Court?   Yes ☐          No ☒

**GROUND TWO:** My Conviction for Failure to Register in Arizona is in violation of A.R.S. (Arizona Revised Statutes) 13-3821 A Sections (A); (D); (E); (F); (O); 13-3822 A Sections (A); and (B).

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

Under 13-3821(A) There is a break down of old law which is A person who has been convicted of or ajudicated guilty except insane for a violation or attempted violation of any of the following offenses, or who had been convicted of or ajudicated guilty except insane or not guilty by reason of insanity for an offense committed in another jurisdiction that if committed in this state would be a violation or attempted violation of any of the following offenses or an offense that was in effect before September 1st 1978 and that if committed on or after September 1st, 1978 new law has the same elements of an offense listed in this section or who is required to register by the convicting or ajudicating jurisdiction, within ten days after the conviction or ajudication or within ten days after entering and remaining in any county of this state, shall register with the sheriff of that county. I can understand falling under another jurisdiction if my crimes and convictions in Colorado took place before September 1st 1978. I can then understand falling under the same elements and being required to register if I was still required to register by Colorado the convicting and ajudicating jurisdiction, however because I am no longer required to register by Colorado I fall under "or who is required to register by the convicting or ajudicating jurisdiction. In construing a statute we must if possible give effect to every word not merely select words. Cain V. Horne 220. Ariz, 7780, 10 (2009) ("Each word, phrase, clause, and sentence must be given meaning so that no part will be void, inert, reduandant, or trivial." (quoting City of Phoenix V. Yates, 69 Ariz, 68, 72 (1949)). Carr V. United States 560 U.S. — (2010)" We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the statutory language is plain, the sole function of the courts- at least where the disposition required by the "text is not absurd" is to enforce it according to its terms."
            Attached as Exhibit #2 is A.R.S. 13-3821 Sections (A); (D); (E); (F); (O) 13-3822 Sections (A) and (B)

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?   Yes ☐        No ☒

(c) If yes, did you present the issue in a:
            Direct appeal          ☐
            First petition         ☐
            Second petition        ☐
            Third petition         ☐

(d)   If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: The Attorneys that were appointed to me ignored these facts that I gave and thus misrepresented me, and misled me. Would have been raised in this petition, unfortunately it has been ordered that I can no longer seek out releif.

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?   Yes ☐        No ☒

**GROUND THREE:** My conviction for Failure to Register is in violation of Colorado Statutes and United States Constitution under Convictions that are more than 10yrs. old cannot be held and used against a person especially not in the Court of law.

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

Because my past convictions and records in Colorado are after September 1st, 1978, these convictions and records cannot be brought up under Arizona Statutes. So because they cannot be brought up under Arizona Statutes they cannot be used to trigger registration (outside of their jurisdiction). Not only that my Convictions and Records in Colorado are under Colorado Statutes, and the United States Constitution. Colorado Statutes and the United States Constitution say that convictions that are more than 10yrs. old cannot be held and used against a person especially not in the court of law. Not to mention the fact that in Det. Amy B. Noel-Bagwells report (ANB #2032) report #000009 she made a contradiction by saying that SO (Sex Offender) was told that because he picked up a new FTR charge in AZ while he was still supposed to register in Colorado he will be required to register for life if he chooses to remain in Arizona. I have not been required to register in Colorado since 2010, and therefore not only am I not required to register, my 2016 Conviction for Failure to Register should be deemed as double jeopardy under the United States Constitution and the conviction overturned, and sentence vacated and waived.

Attached as Exh. #3 is Det. Amy B. Noel-Bagwells (ANB# 2032) Report #000009

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?  Yes ☐      No ☒

(c) If yes, did you present the issue in a:

    Direct appeal          ☐
    First petition         ☐
    Second petition        ☐
    Third petition         ☐

(d)  If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: I would have raised the issue in my third petition, unfortunately I have been ordered that I cannot seek out any more relief. Again my attorneys ignored all of this.

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?  Yes ☐     No ☒

**GROUND FOUR:** My Conviction for Failure to Register in Arizona is in Violation of the Sex Offender Registration and Notification Act (SORNA) 18 U.S.C. § 2250 of the United States Constitution

(a)  Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

Even though Arizona is in Compliance with federal law, they are on a constitutional magnitude in violation of the Sex Offender Registration and Notification Act (SORNA 18 U.S.C. § 2250) Carr v. United States 560 U.S. ___ (2010) "Since 1994 Federal law has required States, as a condition for the receipt of certain law enforcement funds, to maintain federally compliant systems for sex-offender registration and community notification. In an effort to make these schemes more comprehensive, uniform, and effective, Congress in 2006 enacted the Sex Offender Registration and Notification Act (SORNA or Act) as part of the Adam Walsh Child Protection and Safety Act, Pub. L. 109-248, Tit. I, 120 Stat. 590. SORNA 18 U.S.C. § 2250 Reads: (A) In General - Whoever - (1) is required to register under the Sex Offender Registration and Notification Act; (2)(A) is a sex offender (under SORNA) by reason of a conviction under Federal law..., the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian Country; (and) And (3) Knowingly fails to register or update a registration as required (by SORNA); shall be fined under this title or imprisoned not more than ten(10), or both. If I am no longer required to register by my convicting or adjudicating jurisdiction (Colorado) have I Knowingly failed to register? Carr v. United States 560 U.S. ___ (2010) "For a defendant to violate this provision the statutes three elements must be satisfied in sequence, culminating in a post - SORNA failure to register. "If I am no longer required to register by my convicting or adjudicating jurisdiction have I satisfied the statutes three elements in sequence? Carr v. United States 560 U.S. ___ (2010) "SORNA's underlying purpose; to locate sex offenders who had failed to abide by their registration obligations. SORNA, the Government observes was motivated at least in part by Congress' concern about these "missing" sex offenders - a problem the House Committee, on the Judiciary expressly linked to interstate travel; "the most significant enforcement issue in the sex offender program is that over 100,000 sex offenders or nearly one - fifth in the Nation, are "missing", meaning they have not complied with sex offender registration requirements. This typically occurs when the Sex Offender moves from one state to another. If I am no longer required to register by my convicting or adjudicating jurisdiction (Colorado) how can I be considered a missing sex offender? If I am no longer required to register by my convicting or adjudicating jurisdiction (Colorado) how have I not complied complied with sex offender "registration requirements?

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?   Yes ☐        No ☒

(c) If yes, did you present the issue in a:
       Direct appeal          ☐
       First petition          ☐
       Second petition          ☐
       Third petition          ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: Would have been raised in third petition but again was ordered that I cannot seek out relief, and my previous attorneys ignored this, information.

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?   Yes ☐        No ☒

**Please answer these additional questions about this petition:**

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐      No ☒

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.   Attach a copy of any court opinion or order, if available: _____

    _____
    _____
    _____
    _____
    _____
    _____
    _____

14. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?      Yes ☒      No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: It is a Notice of Appeal and Order filed June 4th 2018 In the Superior Court of the State of Arizona in and for the County of Pinal case number CR-2016-01062. The proceedings are to appeal the trial courts denial of Petition for Post-Conviction Relief/ Rule 32. No issues raised at this time awaiting appointment of new appellate counsel.
    _____
    _____
    _____

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?   Yes ☐      No ☒

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:
    _____
    _____
    _____
    _____

    (b)   Date that the other sentence was imposed: _____

    (c)   Length of the other sentence: _____

    (d)   Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?      Yes ☐      No ☒

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

The reasons why the one-year statute of limitations does not bar my petition are Section 2244(d)(1)(D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence, and (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection. Not to mention the fact that I'am following instructions in exhausting all of my State avenues/remedies before filing this Petition for Writ of Habeas Corpus.

*Section 2244(d) provides in part that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: Overturn the 2016 Conviction for Failure to Register; Vacate the sentence in regards to the conviction; and remove me from Arizona's Sex Offender Registry.

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on June 6th, 2018 _____ (month, day, year).

_Billy Smell_
**Signature of Petitioner**

_____          June 6th, 2018 _____
Signature of attorney, if any                                    Date

11

Ground Five:        My 2016 conviction for Failure to Register is in violation of a Federal Ruling from the 7th Circuit Court of Appeals that was made on Failure to Register cases.

(a.) Supporting Facts (Do not argue or cite law. Just state the specific facts that support your claim):
The 7th Circuit Court of Appeals ruled that Failure to Register is not a new sex offense due to the facts that Failure to Register is a victimless crime and a paper violation, therefore making Failure to Register a non-registerable offense. So because of this ruling even if the 2 Failure to Register convictions we in Colorado were not expunged, these convictions cannot be used to trigger registration in Arizona.

(b.) Did you present the issue do the raised in Ground Five to the Arizona Court of Appeals? Yes ☐  No ☒

(c.) If yes, did you present the issue in a:

    Direct Appeal        ☐

    First Petition         ☐

    Second Petition      ☐

    Third Petition        ☐

(d.) If you did not present the issue in Ground Five to the Arizona Court of Appeals, explain why: I did not have the opportunity to raise this issue due to the fact that again I was denied, and ordered that I can no longer seek out relief. As stated in grounds Two, Three, and Four all of my previously appointed attorneys ignored this information, and thus did not make any use of it.

(e.) Did you present the issue to raised in Ground Five to the Arizona Supreme Court? Yes ☐    No ☒

Ground Six:        My 2016 Conviction for Failure to Register is in violation of the Full Faith and Credit Clause of the United States Constitution 28 U.S.C. §1738.

(a)   Supporting Facts (Do not argue or cite law; Just state the specific facts that support your claim):
SORNA 18 U.S.C. §2250; The Order to Discontinue Sex Offender Registration; Convictions that are more than 10yrs old under Colorado Statutes, and the United States Constitution; the ruling from the 7th Circuit Court of Appeals can all be supported by and applied under the Full Faith and Credit Clause of the U.S. Constitution, "Full Faith and Credit shall be given in each state to the public Acts, Records, and Judicial Proceedings of every other state." U.S. Const. art III §1.) The Enabling Statute, 28 U.S.C. §1738 provides: Such... records and Judicial Proceedings (of any State, Territory, or Possession of the United States) ... shall have the same Full Faith and Credit in every other court within the United States and its Territories and Possessions as they have by law or usage in the Courts of such State, Territory, or Possession from which they are taken, Thus, in practice, the Full Faith and Credit Clause and the statute that implements it requires a validly rendered judgement of the court of one state to be given the same validity and effect in every other state as it has in the state rendering it. Morris Vs. Jones, Lofts Vs. Maricopa County Superior Court. This requirement is effectuated when a sister states final judgement as binding and conclusive. The Full Faith and Credit Clause is applicable to criminal cases within the State of Arizona that are predicated on judgements of sister states (State Vs. Miller)

State recognizes a

(b)   Did you present the issue raised in Ground Six to the Arizona Court of Appeals?  Yes ☒   NO ☐

(c)   If yes, did you present the issue in a:
Direct Appeal   ☐
First Petition   ☒
Second Petition  ☐
Third Petition  ☐

(d)   If you did not present the issue in Ground Six to Arizona Court of Appeals, explain why:

(e)   Did you present the issue raised in Ground Six to the Arizona Supreme Court?  Yes ☐    NO ☒

Ground Seven:   In My 2016 Conviction for Failure to Register I have received ineffective assisstance of Counsel, and therefore is in violaton of the Constitutions of Arizona and the United States.

a) Supporting Facts (Do not argue or cite law) Just state facts that support your claim.

None of the attorneys that have represented me in my case have properly represented me. They have failed to raise any of the claims or grounds brought forth in this petition for writ of Habeaus Corpus. Than again hopefull y in my third Petition for post-conviction releif at state level these claims will have been raised. Which they should have been raised by Jeromy Giegle with Jackson and White himself, before I was even convicted. All of the attorneys I have had have not listened to anything I have shared with them and I belive that my conviction for Failure to Register is an injustice.

b) Did you present the issue raised in ground Seven to the Arizona Court of Appeals? Yes ☒ No ☐

c) If yes, did you present the issue in a:

Direct Appeal ☐

First Petition ☒

Second Petition ☐

Third Petition ☐

d) If you did not present the issue in ground Seven to Arizona court of Appeals explain why:

e) Did you present the issue raised in Ground Seven to the Arizona Supreme Court? Yes ☐ No ☒

# EXH # 1

RECEIVED AUG 1 9 2010

☑ District Court ☐ Denver Juvenile Court ☐ County Court
Adams County, Colorado
Court Address: Adams County Justice Center
1100 Justice Center Drive, Brighton, CO 80601

**People of the State of Colorado**
☑ v. Defendant: Billy Snell
☐ In the Interest of: _____ Juvenile
and concerning Respondent:
_____ (Name of Parent/Guardian)

**COURT USE ONLY**
Case Number: **96JD1380**

Division:  **D**   Courtroom:

## ORDER TO DISCONTINUE SEX OFFENDER REGISTRATION
## COLORADO CONVICTION OR JUVENILE ADJUDICATION OR DISPOSITION

This matter was before the Court on a Petition to Discontinue Sex Offender Registration.

### Information about the Petitioner:

Full Name: Billy Ray Snell        Date of Birth: 03/14/1982

Current Mailing Address: 7740 W. Caley Drive

City: Littleton   State: CO    Zip Code: 80123       Home Phone #: _____

Work Phone #: _____   Cell Phone #: 720 324-6505

### The Court finds that Notice as required by §16-22-113, C.R.S. has been given.

☐ The Petitioner successfully completed the terms and conditions of a deferred adjudication or deferred sentence for an offense involving unlawful sexual behavior or for an offense involving the factual basis of unlawful sexual behavior. The case has been dismissed.
**or**

☐ The offense for which the Petitioner was required to register was a misdemeanor other than unlawful sexual contact or third degree sexual assault and it has been five years since Petitioner's final release from jurisdiction of the Court.
or

☑ The Petitioner was less than 18 years of age at the time of being adjudicated a juvenile delinquent for an offense involving unlawful sexual behavior or for an offense involving the factual basis of unlawful sexual behavior. Petitioner has successfully completed the terms and conditions of the sentence related to that offense.
**or**

☐ The offense for which the Petitioner was required to register was a class 4, 5, or 6 felony or was the class 1 misdemeanor of unlawful sexual contact or third degree sexual assault and it has been 10 years since Petitioner's final release from the jurisdiction of the Court or discharge from the Department of Corrections.
**or**

☐ The offense for which the Petitioner was required to register was a class 1, 2 or 3 felony and it has been 20 years since Petitioner's final release from the jurisdiction of the court or discharge from the Department of Corrections.

JDF 463   R5/10     ORDER TO DISCONTINUE SEX OFFENDER REGISTRATION - COLORADO CONVICTION OR        Page 1 of 2
                    JUVENILE ADJUDICATION OR DISPOSITION

**and**

☑The Petitioner has not been convicted or adjudicated for any offense involving unlawful sexual behavior since termination of the Court's jurisdiction.

☐The Petitioner has been rehabilitated to the satisfaction of the Court and continued sex offender registration is not necessary.

☑The Petitioner was less than 18 at the time of adjudication or disposition and the Court has considered the recommendations from the Petitioner's probation or parole officer, the Petitioner's treatment provider, the prosecuting attorney and the recommendations included in the Petitioner's pre-sentence investigation report regarding whether to order removal from the registry.

## The Court Orders:

☐That the Petition is denied.

☑That the Petitioner is no longer required to register as a sex offender with local law enforcement in relation to the offense connected with the above listed case number.

☑The Petitioner or Petitioner's Attorney shall send a copy of this Order to each local law enforcement agency with which the Petitioner is registered and to the Colorado Bureau of Investigation (CBI) at 690 Kipling Street, Denver, Colorado 80215.

☑If the Petitioner was less than 18 years of age at the time of adjudication or disposition then his or her name shall also be removed from the sex offender registry.

☑If the Petitioner was less than 18 years of age at the time of adjudication or disposition, that the Colorado Bureau of Investigation (CBI) shall remove the above named Petitioner from any maintained list related to sex offenders.

☐Other: _____

_____

_____

Date: _____10-4-10_____          _Guy Bascom_____
                                ☐Judge ☑Magistrate

---

## CERTIFICATE OF SERVICE

I certify that on ____10/4/10____ (date), I mailed, faxed, or hand-delivered a copy of this Order to the following:

☐District Attorney
☑Attorney for Petitioner or Petitioner Pro se
☐Victim(s), if applicable

SEAL COMBINED COURT, ADAMS COUNTY COLORADO

SEAL COMBINED COURT, ADAMS COUNTY COLORADO

Clerk _____

EXH #2

Case 2:18-cv-01776-JAT-MHB Document 1 Filed 06/07/18 Page 19 of 27

13-3821. Persons required to register; procedure; identification card; assessment; definitions

A. A person who has been convicted of or adjudicated guilty except insane for a violation or attempted violation of any of the following offenses or who has been convicted of or adjudicated guilty except insane or not guilty by reason of insanity for an offense committed in another jurisdiction that if committed in this state would be a violation or attempted violation of any of the following offenses or an offense that was in effect before September 1, 1978 and that, if committed on or after September 1, 1978, has the same elements of an offense listed in this section or who is required to register by the convicting or adjudicating jurisdiction, within ten days after the conviction or adjudication or within ten days after entering and remaining in any county of this state, shall register with the sheriff of that county:

1. Unlawful imprisonment pursuant to section 13-1303 if the victim is under eighteen years of age and the unlawful imprisonment was not committed by the child's parent.

2. Kidnapping pursuant to section 13-1304 if the victim is under eighteen years of age and the kidnapping was not committed by the child's parent.

3. Sexual abuse pursuant to section 13-1404 if the victim is under eighteen years of age.

4. Sexual conduct with a minor pursuant to section 13-1405.

5. Sexual assault pursuant to section 13-1406.

6. Sexual assault of a spouse if the offense was committed before August 12, 2005.

7. Molestation of a child pursuant to section 13-1410.

8. Continuous sexual abuse of a child pursuant to section 13-1417.

9. Taking a child for the purpose of prostitution pursuant to section 13-3206.

10. Child prostitution pursuant to section 13-3212, subsection A or subsection B, paragraph 1 or 2.

11. Commercial sexual exploitation of a minor pursuant to section 13-3552.

12. Sexual exploitation of a minor pursuant to section 13-3553.

13. Luring a minor for sexual exploitation pursuant to section 13-3554.

14. Sex trafficking of a minor pursuant to section 13-1307.

15. A second or subsequent violation of indecent exposure to a person under fifteen years of age pursuant to section 13-1402.

16. A second or subsequent violation of public sexual indecency to a minor under the age of fifteen years pursuant to section 13-1403, subsection B.

17. A third or subsequent violation of indecent exposure pursuant to section 13-1402.

18. A third or subsequent violation of public sexual indecency pursuant to section 13-1403.

19. A violation of section 13-3822 or 13-3824.

20. Unlawful age misrepresentation.

21. Aggravated luring a minor for sexual exploitation pursuant to section 13-3560.

B. Before the person is released from confinement the state department of corrections in conjunction with the department of public safety and each county sheriff shall complete the registration of any person who was convicted of or adjudicated guilty except insane for a violation of any offense listed under subsection A of this section. Within three days after the person's release from confinement, the state department of corrections shall forward the registered person's records to the department of public safety and to the sheriff of the county in which the registered person intends to reside. Registration pursuant to this subsection shall be consistent with subsection E of this section.

C. Notwithstanding subsection A of this section, the judge who sentences a defendant for any violation of chapter 14 or 35.1 of this title or for an offense for which there was a finding of sexual motivation pursuant to section 13-118 may require the person who committed the offense to register pursuant to this section.

D. The court may require a person who has been adjudicated delinquent for an act that would constitute an offense specified in subsection A or C of this section to register pursuant to this section. Any duty to register under this subsection shall terminate when the person reaches twenty-five years of age.

E. A person who has been convicted, adjudicated guilty except insane or adjudicated delinquent and who is required to register in the convicting or adjudicating state for an act that would constitute an offense specified in subsection A or C of this section and who is not a resident of this state shall be required to register pursuant to this section if the person is either:

1. Employed full-time or part-time in this state, with or without compensation, for more than fourteen consecutive days or for an aggregate period of more than thirty days in a calendar year.

2. Enrolled as a full-time or part-time student in any school in this state for more than fourteen consecutive days or for an aggregate period of more than thirty days in a calendar year. For the purposes of this paragraph, "school" means an educational institution of any description, public or private, wherever located in this state.

F. Any duty to register under subsection D or E of this section for a juvenile adjudication terminates when the person reaches twenty-five years of age.

G. The court may order the termination of any duty to register under this section on successful completion of probation if the person was under eighteen years of age when the offense for which the person was convicted or adjudicated guilty except insane was committed.

H. The court may order the suspension or termination of any duty to register under this section after a hearing held pursuant to section 13-923.

I. At the time of registering, the person shall sign or affix an electronic fingerprint to a statement giving such information as required by the director of the department of public safety, including all names by which the person is known, any required online identifier and the name of any website or internet communication service where the identifier is being used. The sheriff shall fingerprint and

photograph the person and within three days thereafter shall send copies of the statement, fingerprints and photographs to the department of public safety and the chief of police, if any, of the place where the person resides. The information that is required by this subsection shall include the physical location of the person's residence and the person's address. If the person has a place of residence that is different from the person's address, the person shall provide the person's address, the physical location of the person's residence and the name of the owner of the residence if the residence is privately owned and not offered for rent or lease. If the person receives mail at a post office box, the person shall provide the location and number of the post office box. If the person has more than one residence or does not have an address or a permanent place of residence, the person shall provide a description and physical location of any temporary residence and <u>shall register as a transient not less than every ninety days with the sheriff in whose jurisdiction the transient is physically present.</u>

J. On the person's initial registration and every year after the person's initial registration, the person shall confirm any required online identifier and the name of any website or internet communication service where the identifier is being used and the person shall obtain a new nonoperating identification license or a driver license from the motor vehicle division in the department of transportation and shall carry a valid nonoperating identification license or a driver license. Notwithstanding sections 28-3165 and 28-3171, the license is valid for one year from the date of issuance, and the person shall submit to the department of transportation proof of the person's address and place of residence. The motor vehicle division shall annually update the person's address and photograph and shall make a copy of the photograph available to the department of public safety or to any law enforcement agency. The motor vehicle division shall provide to the department of public safety daily address updates for persons required to register pursuant to this section.

K. Except as provided in subsection E or L of this section, the clerk of the superior court in the county in which a person has been convicted of or adjudicated guilty except insane for a violation of any offense listed under subsection A of this section or has been ordered to register pursuant to subsection C or D of this section shall notify the sheriff in that county of the conviction or adjudication within ten days after entry of the judgment.

L. Within ten days after entry of judgment, a court not of record shall notify the arresting law enforcement agency of an offender's conviction of or adjudication of guilty except insane for a violation of section 13-1402. Within ten days after receiving this information, the law enforcement agency shall determine if the offender is required to register pursuant to this section. If the law enforcement agency determines that the offender is required to register, the law enforcement agency shall provide the information required by section 13-3825 to the department of public safety and shall make community notification as required by law.

M. A person who is required to register pursuant to this section because of a conviction or adjudication of guilty except insane for the unlawful imprisonment of a minor or the kidnapping of a minor is required to register, absent additional or subsequent convictions or adjudications, for a period of ten years from the date that the person is released from prison, jail, probation, community supervision or parole and the person has fulfilled all restitution obligations. Notwithstanding this subsection, a person who has a prior conviction or adjudication of guilty except insane for an offense for which registration is required pursuant to this section is required to register for life.

N. A person who is required to register pursuant to this section and who is a student at a public or private institution of postsecondary education or who is employed, with or without compensation, at a public or private institution of postsecondary education or who carries on a vocation at a public or private institution of postsecondary education shall notify the county sheriff having jurisdiction of the

Case 2:18-cv-01076-JAT--MHB Document Filed 06/05/18 Page 22 of 27

institution of postsecondary education. The person who is required to register pursuant to this section shall also notify the sheriff of each change in enrollment or employment status at the institution.

O. At the time of registering, the sheriff shall secure a sufficient sample of blood or other bodily substances for deoxyribonucleic acid testing and extraction from a person who has been convicted of or adjudicated guilty except insane for an offense committed in another jurisdiction that if committed in this state would be a violation or attempted violation of any of the offenses listed in subsection A of this section or an offense that was in effect before September 1, 1978 and that, if committed on or after September 1, 1978, has the same elements of an offense listed in subsection A of this section or who is required to register by the convicting or adjudicating jurisdiction. The sheriff shall transmit the sample to the department of public safety.

P. Any person who is required to register under subsection A of this section shall register the person's required online identifier and the name of any website or internet communication service where the identifier is being used or is intended to be used with the sheriff from and after December 31, 2007, regardless of whether the person was required to register an identifier at the time of the person's initial registration under this section.

Q. On conviction of or adjudication of guilty except insane for any offense for which a person is required to register pursuant to this section, in addition to any other penalty prescribed by law, the court shall order the person to pay an additional assessment of two hundred fifty dollars. This assessment is not subject to any surcharge. The court shall transmit the monies received pursuant to this section to the county treasurer. The county treasurer shall transmit the monies received to the state treasurer. The state treasurer shall deposit the monies received in the state general fund. Notwithstanding any other law, the court shall not waive the assessment imposed pursuant to this section.

R. A person who is required to register pursuant to this section shall verify the person's address if requested by the department of public safety pursuant to section 13-3827, subsection G.

S. For the purposes of this section:

1. "Address" means the location at which the person receives mail.

2. "Required online identifier" means any electronic e-mail address information or instant message, chat, social networking or other similar internet communication name, but does not include a social security number, date of birth or pin number.

3. "Residence" means the person's dwelling place, whether permanent or temporary.

13-3822. Notice of moving from place of residence or change of name or electronic information; forwarding of information; definitions

A. Within seventy-two hours, excluding weekends and legal holidays, after moving from the person's residence within a county or after changing the person's name, a person who is required to register under this article shall inform the sheriff in person and in writing of the person's new residence, address or new name. If the person moves to a location that is not a residence and the person receives mail anywhere, including a post office box, the person shall notify the sheriff of the person's address. If the person has more than one residence or does not have an address or a permanent place of residence, the person shall register as a transient not less than every ninety days with the sheriff in whose jurisdiction the transient is physically present. Within three days after receipt of such information, the sheriff shall forward it to the department of public safety and the chief of police, if any, of the place from which the person moves, and shall forward a copy of the statement, fingerprints and photograph of the person to the chief of police, if any, of the place to which the person has moved.

B. Within seventy-two hours after a person moves from a county in which the person is registered, the person shall notify in writing the sheriff of the county from which the person moves. If the person is subject to community notification requirements, the sheriff of the county from which the person moves shall advise the local law enforcement agency of the county to which the person moves of the move. If the person moves out of this state, the sheriff of the county from which the person moves shall advise the local law enforcement agency in the jurisdiction to which the person moves. The local law enforcement agency shall contact the department of public safety following ten days after being notified to determine if the person has reregistered. If the person has not reregistered, the local law enforcement agency shall notify the local law enforcement agency in the county in which the person last resided. Any law enforcement agency in the county in which the person last resided shall conduct an investigation and shall submit a report to the appropriate county attorney.

C. A person who is required to register pursuant to this article shall notify the sheriff either in person or electronically within seventy-two hours, excluding weekends and legal holidays, after a person makes any change to any required online identifier, and before any use of a changed or new required online identifier to communicate on the internet. Within three days after receipt of the information, the sheriff shall forward the information to the department of public safety. Within three days after receipt of the information from the sheriff, the department of public safety shall update the person's information in the department of public safety database.

D. For the purposes of this section:

1. "Address" means the location at which the person receives mail.

2. "Required online identifier" means any electronic e-mail address information or instant message, chat, social networking or other similar internet communication name, but does not include a social security number, date of birth or pin number.

3. "Residence" means the person's dwelling place, whether permanent or temporary.

13-3824. <u>Violation; classification; assessment</u>

A. A person who is subject to registration under this article and who fails to comply with the requirements of this article is guilty of a class 4 felony.

B. Notwithstanding subsection A of this section, a person who fails to comply with section 13-3821, subsection J is guilty of a class 6 felony and, in addition to any other penalty prescribed by law, the court shall order the person to pay an additional assessment of two hundred fifty dollars. This assessment is not subject to any surcharge. The court shall transmit the monies received pursuant to this subsection to the county treasurer. The county treasurer shall transmit the monies received to the state treasurer. The state treasurer shall deposit the monies received in the state general fund. Notwithstanding any other law, the court shall not waive the assessment imposed pursuant to this subsection.



SNELL, COREY JAMES
SNELL, BILLY R
SNELL, COREY

ALT DOB'S
07201988

ALT SOC
523551504
523551507
523551509
533551507

**04/05/17 at 0941 hrs ** Offender released from DOC on 04/03/17 had questions
about whether or not he had to register as an SO because he had paperwork from
Colorado that relieved him of registering.  SO was told that because he picked
up a new FTR charge in Az while he was still supposed to register in Colardo he
will be required to register for life if he chooses to remain in Az.  Due to
prior commitments and lack of information placed in OW by ADC pre-registration
offender was asked to return later this day or by the latest 04/13/17 end of
business.  He was told if Probation had questions they could contact me.
Offender will attempt to return between 1200-1330 hrs this date.  Photos, DNA,
fingerprints will be collected upon initial registration.

ANB 2032

Additional Name Information:

000009



RECEIVED

JUN 07 2018

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Attn: U.S. District Court Clerk

U.S. Courthouse Suite #130

401 W. Washington St, Spc. #10

Phoenix, AZ 85003 - 2119

Billy Snell #3526531 E-212

P.C.S.O. Adult Detention Center

P.O. Box 2610

Florence, AZ 85132

Legal Mail